AYRES, Judge.
This is an action for a separation “a mensa et thoro,” the basis of which is primarily cruelty and inhuman treatment of such nature as to make the parties’ living together as man and wife insupportable.
After denying plaintiff’s allegations as to fault charged to her, defendant sought, in reconvention, a judgment of separation on her own behalf on the ground of abandonment.
Following trial on the merits, the court concluded plaintiff had failed to establish his demands by a preponderance of evidence and to that degree of certainty required by law. However, a judgment of separation was awarded defendant on her reconventional demand. From this judgment dated October 6, 1967, plaintiff appealed. However, it may be noted in a judgment of July 28, 1967, by rule, defendant was awarded, pendente lite, alimony for herself in the sum of $225 per month and *624 support for their minor child at the rate of $150 per month.
Sufficiency of the evidence upon which the court awarded judgment in defendant’s favor and the insufficiency of the proof upon which plaintiff’s demands were rejected are factual matters with which this appeal is concerned. A question of law is presented in brief as to the wife’s entitlement to alimony pendente lite in view of her alleged ability to support herself.
Considering the last issue first, it may be pointed out that no appeal was taken from the judgment awarding alimony and support pendente lite. That judgment is final. The time for taking an appeal has expired without an appeal having been taken. The appeal from the judgment granting defendant a separation does not bring before this court the question of alimony and support awarded in a separate judgment.
Plaintiff and defendant were first married August 16, 1958, and of that marriage one child, James David Tuttle, was born. That marriage was dissolved in October, 1963, by a Nebraska divorce. Plaintiff and defendant were remarried February 16, 1967, in Texas, after which they established a matrimonial domicile in Louisiana. They again separated May 28, 1967, since which time they have not lived together as man and wife. ■
There is no question that plaintiff left the matrimonial domicile and took residence in Bossier Parish. If his leaving was without justification, then his act constitutes an abandonment of his wife. If his leaving was justified by virtue of the wife’s acts of cruelty, it would then become necessary to determine whether her acts were such as to render their living together insüpportable.
More specifically stated, the bases of plaintiff’s charges directed against defendant are that (1) she telephoned plaintiff’s superior charging plaintiff with failure to provide her with necessary hospitalization; (2) she called the police department charging that plaintiff had beaten her; (3) defendant feigned an attempt at suicide; (4) she struck him with a tray of food; and (5) she bit him on the arm.
The record discloses that both husband and wife indulged in alcoholic liquors; neither, however, to the extent warranting a classification as an alcoholic. The wife was emotional and depressed to a state of anxiety. The calls made to plaintiff’s superior and to the police department and defendant’s suspected attempt or pretense at suicide were not shown to have been done to intentionally embarrass her husband.
The emotional state of defendant’s mind obviously affected her actions. Arguments and discord, long prevalent in the family life, reached a point where these parties were practically incommunicative with each other. On one occasion, after “words” between them, she brought plaintiff food on a tray which, he said, she tossed on him. Two days later when he began to pack his suitcase in preparation for leaving the family home, defendant, so plaintiff testified, removed clothes from his suitcase, and, to prevent a repetition of this action, he attempted to wrest the clothes from her, whereupon she bit him on the arm.
If plaintiff’s version of these latter incidents is accepted, the actions were, in our opinion, insufficient to constitute cruelty and inhuman treatment of such a degree as would warrant a judgment of separation or that would justify plaintiff’s abandonment of his family, particularly in view of his incommunicative attitude toward and treatment of his wife. Considering the state of defendant’s health, physical and mental, and the stress and strain as a result of the marital rift and difficulties, defendant’s acts could scarcely be held to constitute such cruelty on her part as would warrant a separation.
Our conclusion is that the faults charged to defendant are insufficient to warrant either a judgment of separation in plain *625 tiff’s behalf or to justify plaintiff’s act of abandonment of his wife and child. We find no error in the judgment appealed and it is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed. .